**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **AGUSTIN CHORROT CORREA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-2503-KC** |
| | § | |
| **WARDEN OF THE EL PASO SERVICE PROCESSING CENTER, et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered the case. On October 7, 2026, the Court ordered Respondents to show cause why Agustin Chorrot Correa's Petition for Writ of Habeas Corpus, ECF No. 1, should not be granted. October 7, 2026, Order, ECF No. 2.

Respondents argued that Chorrot Correa's Petition should be denied because he was subject to an administratively final removal order and his removal is "significant[ly] likely in the reasonably foreseeable future." Resp. 3, ECF No. 4. After a series of briefs, it is now clear that the parties agree that Chorrot Correa was ordered removed by an Immigration Judge ("IJ") and that the IJ's order states that he waived his appeal rights. *Id.*; *id.* Ex. A ("IJ Order"), ECF No. 4-1; Advisory 1, ECF No. 6. However, Chorrot Correa claims that "[he] did not knowingly and intelligently waive any right to appeal the immigration judge's order," and is not, therefore, subject to a final order of removal. Advisory 1.

In support, Chorrot Correa relies on *United States v. Ortiz-Rodriguez*, 145 F.4th 593 (5th Cir. 2025), a criminal illegal-reentry case in which the court rejected the defendant's argument that his waiver of judicial review of his removal order was not knowing and voluntary. *Id.* at

601. That decision addressed—and rejected—a collateral challenge to a removal order under 8 U.S.C. § 1326(d). *Id.* It does not offer any support for the argument that Chorrot Correa's appeal waiver was invalid or that this Court could make any such determination regarding the waiver's validity in this habeas proceeding. *See id*. Chorrot Correa does not cite any other law to support his argument that his waiver of appeal was not knowing and intelligent. *See* Advisory.

And district courts generally have no authority to make decisions about removal orders and their validity. 8 U.S.C. § 1252(g). The Court expresses no opinion as to whether Chorrot Correa may challenge the appeal waiver in the immigration court system. But for purposes of this habeas proceeding, it appears that Chorrot Correa is subject to a final removal order. If his appeal waiver and final removal order are vacated, Chorrot Correa must inform the Court, as it may affect the viability of his habeas petition.

Chorrot Correa also seeks a Temporary Restraining Order ("TRO") preventing (1) his removal to Mexico or another third country, (2) any related coercion or retaliation, and (3) his removal without advance notice. Mot. TRO 5, ECF No. 3. The Court cannot consider any claims arising from the Government's decision or action to execute a removal order, including claims "connected directly and immediately with" that execution. *Gakou v. Warden of Prairieland Det. Ctr.*, --- F.4th ----, 2026 WL 3044209, at *1 (5th Cir. Oct. 10, 2026) (quoting *Humphries v. Various Fed. USINS Emps.*, 164 F.3d 936, 943 (5th Cir. 1999)). Chorrot Correa's request to prevent removal to a third country would directly restrain the execution of his removal order, and he has not identified an applicable exception permitting this Court to grant that relief. *See* Mot. TRO. Chorrot Correa also seeks to stop immigration officers from threatening criminal prosecution if he refuses to cooperate with removal. *Id*. 2–3. However, whether Chorrot Correa has committed a crime or could be charged with one is not an issue for this Court to decide in

this habeas proceeding. *Cf.* 8 U.S.C. § 1253. Therefore, Chorrot Correa's Motion for TRO is denied.

A noncitizen's detention after a removal order is presumptively reasonable for six months. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Thereafter, if the noncitizen shows good reason to believe removal is not significantly likely in the reasonably foreseeable future, the Government must rebut that showing or release the noncitizen. *Id.* Chorrot Correa has been detained in immigration custody subject to a final removal order since September 24, 2026, which is less than the presumptively reasonable six-month period of post-removal order detention. *Id.*

Accordingly, the Court **ORDERS** that Chorrot Correa's Motion for Temporary Restraining Order, ECF No. 3, is **DENIED**.

**IT IS FURTHER ORDERED** that Respondents shall **FILE** a status update by **no later than March 25, 2027**, detailing the following:

(1) Whether Chorrot Correa has been lawfully removed from the country, and if not,

(2) What concrete steps have been taken to effectuate Chorrot Correa's removal,

(3) What obstacles exist to effectuating Chorrot Correa's removal, such as issuance of travel documents, or identifying a country for removal,

(4) What concrete steps have been taken to address the existing obstacles, and

(5) The anticipated timeline for Chorrot Correa's removal from the United States.

**IT IS FURTHER ORDERED** that if any deadline set in this Order falls on a weekend or holiday, that deadline is extended to the following business day.

**SO ORDERED**.

**SIGNED this 28th day of October, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE